PER CURIAM:
*140 Claimant, the Webster County Board of Education, brought this action to recover its proper share of State Aid to Education which it did not receive when property assessments made by the County during certain years were Ordered by the Circuit Court of Webster County
to be repaid by the County and the County Board of Education thus became liable for its proportionate share.
The parties entered into a stipulation setting forth the facts and the amount of the claim.
During certain years, the assessor of Webster County assessed certain coal companies at rates which were later determined to be excessive. As a result, the County has been required by Order of the Circuit Court of Webster County to pay specific amounts to one coal company, and to give credit for taxes due to another coal company. As a result of this assessment problem, the State Aid to Education calculated at the State level was not at the appropriate funding levels during the years of the wrongful assessments.
Thus, the Webster County Board of Education did not receive the sum of $1,376,729.00, which the parties have agreed in equity and good conscience should be paid to the Webster County Board of Education.
The Court has reviewed the stipulation and has also reviewed Senate Bill NO. 20 and the Budget Bill for the 1992-1993 Fiscal Year. Page 47 of the Budget Bill contains a line item for “Local School Boards’ Technical Corrections Refund” in the amount of $500,000,00. The Budget Digest for Fiscal Year 1993 is the legislative document which states the legislative intent for the various line items in the Budget Bill. The Budget Digest for Fiscal Year 1993 provides an explanation for this particular line item on page 140 as follows:
LOCAL SCHOOL BOARDS
It is the intent of Legislature that from the Local School Boards’ Technical Corrections Refund Account line item above that the funds be distributed proportionally among the Wetzel county, Webster County and Raleigh County Boards o education based upon their relative losses in allocated state aid share of revenues during fiscal years 1991-1992: Provided, That for the purposes of the pro-rata distribution of the funds, each of the above counties is to be entitled to it proportionate share of the funds available only to the extent that the county has not already received reimbursement for lost local property tax revenues in the form of a payment in lieu of property taxes or some other form of reimbursement for lost local property tax revenues in the form of a payment in lieu of property taxes or some other form of reimbursement. It is the further intent *141 of the Legislature that the payments received by counties pursuant to the appropriation to the Local School Boards’ Technical Corrections Refund Account be the sole and exclusive payment from the state for all losses incurred by any county due to improper property taxation or improper property valuations which subsequently caused a decrease in the allocation of state aid to the effected [sic] counties.
If any amounts which are initially disbursed are returned due to the fact that other forms of reimbursement have been received by a county, then the other named counties may receive those amounts returned. These returned amounts shall be distributed to the remaining counties on a pro-rata basis. However, no county may receive more than the original amount in dispute which is as follows: (Emphasis added.)
Raleigh County $128,360
Webster County. $270,000
Wetzel County $333,186
It appears to the Court that the Legislature intended to compensate the Webster County Board of Education for the improper valuations and subsequent loss of State Aid funds by providing a sum certain through the Budget Bill. The Webster County Board of Education has received $184,541.00 as its proportionate share of the $500,000.00 line item in the Budget Bill.
The Court is of the opinion that the Legislature intended Webster County Board of Education’s loss of funds to be paid and satisfied through this appropriation. Although there is no dispute that the Webster County Board of Education experienced a loss far greater than the amount provided in the Budget Bill, this Court may not disregard the legislative intent as stated in the Budget Digest for Fiscal Year 1993.
Accordingly, the Court is of the opinion to and does disallow this claim.
Claim disallowed.